1  JEREMY A. LAWRENCE (CA Bar #270866)
   jeremy.lawrence@mto.com
2  MUNGER, TOLLES & OLSON LLP
   560 Mission St., 27th Floor
3  San Francisco, CA 94105
   Telephone:   (415) 512-4000
4  Facsimile:   (415) 512-4077

5  BRIAN RIVAS BOESSENECKER (CA Bar #331409)
   brian.boessenecker@mto.com
6  MUNGER, TOLLES & OLSON LLP
   350 S. Grand Ave., 50th Floor
7  Los Angeles, CA 90071-3426
   Telephone:   (213) 683-9100
8  Facsimile:   (213) 687-3702

9  Attorneys for Plaintiffs

10              UNITED STATES DISTRICT COURT

11        FOR THE CENTRAL DISTRICT OF CALIFORNIA

12  BULLOCH COUNTY GA S1, LLC,              Case No. 2:22-cv-1522
    FRANKLIN COUNTY GA S1, LLC,
13  GREENE COUNTY GA S1, LLC,               **COMPLAINT FOR:**
    LOWNDES COUNTY GA S1, LLC,              **(1) NEGLIGENCE; (2) BREACH OF**
14  LOWNDES COUNTY GA S2, LLC,              **EXPRESS WARRANTY; AND (3)**
    MERIWETHER COUNTY GA S1,                **BREACH OF IMPLIED WARRANTY**
15  LLC, MURRAY COUNTY GA S1,               **OF MERCHANTABILITY**
    LLC, PUTNAM COUNTY GA S1,
16  LLC, TERRELL COUNTY GA S1,              **DEMAND FOR JURY TRIAL**
    LLC, TROUP COUNTY GA S1, LLC,
17  WARE COUNTY GA S1, LLC, WARE
    COUNTY GA S2, LLC, AND
18  WILKINSON COUNTY GA S1, LLC,

19              Plaintiffs,

20          vs.

21  CHINT POWER SYSTEMS
    AMERICA CO.,
22
                Defendant.
23

24

25

26

27

28

                            -1-

Plaintiffs BULLOCH COUNTY GA S1, LLC, FRANKLIN COUNTY GA S1, LLC, GREENE COUNTY GA S1, LLC, LOWNDES COUNTY GA S1, LLC, LOWNDES COUNTY GA S2, LLC, MERIWETHER COUNTY GA S1, LLC, MURRAY COUNTY GA S1, LLC, PUTNAM COUNTY GA S1, LLC, TERRELL COUNTY GA S1, LLC, TROUP COUNTY GA S1, LLC, WARE COUNTY GA S1, LLC, WARE COUNTY GA S2, LLC, AND WILKINSON COUNTY GA S1, LLC (collectively, "Plaintiffs") allege against Defendant CHINT POWER SYSTEMS AMERICA CO. ("Defendant" or "Chint") as follows:

**The Parties and Venue**

1.    Plaintiff BULLOCH COUNTY GA S1, LLC is a Delaware LLC with its principal place of business in New York, New York.  BULLOCH COUNTY GA S1, LLC does not conduct business in the State of California.

2.    Plaintiff FRANKLIN COUNTY GA S1, LLC is a Delaware LLC with its principal place of business in New York, New York.  FRANKLIN COUNTY GA S1, LLC does not conduct business in the State of California.

3.    Plaintiff GREENE COUNTY GA S1, LLC is a Delaware LLC with its principal place of business in New York, New York.  GREENE COUNTY GA S1, LLC does not conduct business in the State of California.

4.    Plaintiff LOWNDES COUNTY GA S1, LLC is a Delaware LLC with its principal place of business in New York, New York.  LOWNDES COUNTY GA S1, LLC does not conduct business in the State of California.

5.    Plaintiff LOWNDES COUNTY GA S2, LLC is a Delaware LLC with its principal place of business in New York, New York.  LOWNDES COUNTY GA S2, LLC does not conduct business in the State of California.

6.    Plaintiff MERIWETHER COUNTY GA S1, LLC is a Delaware LLC with its principal place of business in New York, New York.  MERIWETHER COUNTY GA S1, LLC does not conduct business in the State of California.

7.      Plaintiff MURRAY COUNTY GA S1, LLC is a Delaware LLC with its principal place of business in New York, New York.  MURRAY COUNTY GA S1, LLC does not conduct business in the State of California.

8.      Plaintiff PUTNAM COUNTY GA S1, LLC is a Delaware LLC with its principal place of business in New York, New York.  PUTNAM COUNTY GA S1, LLC does not conduct business in the State of California.

9.      Plaintiff TERRELL COUNTY GA S1, LLC is a Delaware LLC with its principal place of business in New York, New York.  TERRELL COUNTY GA S1, LLC does not conduct business in the State of California.

10.     Plaintiff TROUP COUNTY GA S1, LLC is a Delaware LLC with its principal place of business in New York, New York.  TROUP COUNTY GA S1, LLC does not conduct business in the State of California.

11.     Plaintiff WARE COUNTY GA S1, LLC is a Delaware LLC with its principal place of business in New York, New York.  WARE COUNTY GA S1, LLC does not conduct business in the State of California.

12.     Plaintiff WARE COUNTY GA S2, LLC is a Delaware LLC with its principal place of business in New York, New York.  WARE COUNTY GA S2, LLC does not conduct business in the State of California.

13.     Plaintiff WILKINSON COUNTY GA S1, LLC is a Delaware LLC with its principal place of business in New York, New York.  WILKINSON COUNTY GA S1, LLC does not conduct business in the State of California.

14.     The sole member (equity owner) of each of the Plaintiffs is Safari Energy Investments 1, LLC, which is a Delaware LLC with its principal place of business in New York, New York.  The sole member (equity owner) of Safari Energy Investments 1, LLC is Safari Energy, LLC, which is a Delaware LLC with its principal place of business in New York, New York.  Safari Energy, LLC's ultimate parent company is PPL Corp., which is a Pennsylvania corporation with its principal place of business in Allentown, Pennsylvania.  PPL Corp. holds its

ownership of Safari Energy, LLC through a series of intermediate holding companies that are all Delaware LLCs with their principal place of business in Allentown, Pennsylvania.

15.     On information and belief, Defendant Chint is a Texas corporation with its principal place of business in Pomona, California.

## Jurisdiction and Venue

16.     This Court has diversity jurisdiction under 28 U.S.C. § 1332, because there is complete diversity of citizenship between the Plaintiffs and the Defendant, and the amount in controversy exceeds $75,000 as to each of the Plaintiffs.

17.     Defendant is subject to personal jurisdiction in this Court because Defendant's principal place of business is located in this district.

18.     Venue is proper in this Court under 28 U.S.C. § 1391(b)(1) and 28 U.S.C. § 1391(d) because Defendant's principal place of business is located in this district.

## Plaintiffs' Solar Facilities

19.     Each of the Plaintiffs owns and operates a solar photovoltaic power generation facility located in the State of Georgia.  Those facilities supply electricity to Georgia Power Company ("Georgia Power"), which is the largest electric utility in Georgia, serving more than 2 million customers in the vast majority of the state's counties.

20.     Devices known as "inverters" are a critical piece of equipment used in a solar photovoltaic power generation facility.  Inverters convert direct current ("DC") electricity into alternating current ("AC") electricity.  Because solar power generation facilities generate DC electricity and the electrical grid distributes AC electricity, it is necessary to use inverters to convert the DC electricity from the solar panels into AC electricity so that it can be fed into the grid and distributed to end-users.

**Chint's Defective Inverters**

21.     Chint supplied the inverters used in each of Plaintiffs' solar facilities. On information and belief, the inverters were manufactured in China by (or for) Chint's ultimate parent company, which is located there.  The inverters are utility-grade inverters that are intended to be used in connection with generating electricity to supply to the grid.  Plaintiffs' facilities collectively use more than 250 of these Chint inverters.

22.     Plaintiffs have not entered into any agreements with Chint.  Rather, on information and belief, Chint supplied the inverters to the engineering, procurement, and construction contractor (*i.e.*, general contractor), SolAmerica Energy Services, LLC, which oversaw construction of each of Plaintiffs' facilities.  SolAmerica Energy Services assigned its right, title, and interest in the inverters to Plaintiffs through its construction contracts with Plaintiffs.

23.     On information and belief, Chint knew or should have known that the inverters it was supplying to SolAmerica Energy Services would be used in solar facilities such as Plaintiffs'.

24.     The inverters Chint supplied for each of Plaintiffs' solar facilities are defective.

25.     Due to the defects in Chint's inverters, Plaintiffs' solar facilities have collectively experienced approximately three dozen fires in less than a two-year period.

26.     Each of the inverter fires occurred suddenly and unexpectedly.  As a result of the fires, each of the subject inverters was destroyed.  Other property and equipment at Plaintiffs' facilities were damaged by the fires as well, including but not limited to electrical and communications cables that were not supplied by Chint.

27.     Despite being aware of the hazardous nature of its equipment for nearly two years, Chint has failed to identify the root cause of the fire problem or develop

COMPLAINT

and implement a solution to the fire problem.  Instead, Chint has engaged in excessive delays in responding to Plaintiffs' complaints and requests for assistance.

28.     Chint's equipment poses an ongoing danger to persons and property at each of Plaintiffs' solar facilities, and Chint has failed to take reasonable and appropriate steps to address that ongoing danger.

29.     Chint's inverters have also suffered (and continue to suffer) other types of outages that have been excessive in both number and length.  These outages have resulted from excessive "clipping" due to poor equipment performance (which is when the inverter reaches its maximum capacity and is unable to convert additional watts of DC electricity to AC), fan failures, and software problems.  These issues may be related to the fires that have occurred, but Chint has failed to identify the root cause of any of the problems Plaintiffs have experienced.

30.     On information and belief, Chint's inverters installed at other solar facilities around the country have experienced fires and other problems similar to what Plaintiffs have experienced.

### Plaintiffs' PPAs with Georgia Power

31.     Plaintiffs have entered power purchase agreements ("PPAs") with Georgia Power under which Georgia Power agrees to pay Plaintiffs a specified amount for the electricity Plaintiffs generate.  If Plaintiffs fail to deliver a specified amount of electricity to Georgia Power for a specified period of time, Georgia Power may attempt to terminate the PPAs.

32.     Chint is aware of Plaintiffs' PPAs with Georgia Power.  Chint is also aware that Plaintiffs' continuing ability to sell electricity pursuant to those PPAs could be terminated if Plaintiffs are unable to deliver sufficient levels of electricity.

### Plaintiffs' Losses

33.     As a result of the fires and other defects in Chint's inverters, Plaintiffs' solar facilities have collectively lost over 2.5 million kilowatt hours of electricity

1   generation over the last two years—enough electricity to power 250 homes for an

2   entire year.

3        34.    Plaintiffs have already lost substantial revenue and incurred substantial

4   expenses (in excess of $300,000, combined) as a result of Chint's defective

5   inverters.  Plaintiffs are reasonably likely to lose additional revenue in the future as

6   a result of future lost generating capacity, and incur additional costs in responding to

7   problems caused by Chint's defective inverters.

8        35.    If Chint continues to be unwilling or unable to repair and/or replace its

9   defective inverters at Plaintiffs' facilities, Plaintiffs may have no choice but to incur

10   in excess of $2,500,000 to purchase and install replacement inverters.

11        36.    In light of Chint's failure to provide a solution to avoid the fires and

12   other problems Plaintiffs have been experiencing, in November 2021, Plaintiff

13   Lowndes County GA S1, LLC completed a pilot project to replace all of the Chint

14   inverters at the Lowndes IDA project with inverters from another manufacturer.

15   Performance at the Lowndes IDA project improved as a result of such measures, and

16   the spare inverters were all retained as spare inventory to be used in the event of

17   future failures at other facilities.

<b><u>Chint's Standard Product Warranty</u></b>

19        37.    On information and belief, in the standard product warranty in effect at

20   the time Chint supplied inverters for use in Plaintiffs' solar facilities, Chint agreed to

21   repair, replace, or refund the purchase price for any defective inverters it has

22   supplied.  The warranty promises that Chint will respond to customer inquiries

23   within 24 hours and propose a resolution plan within 48 hours.

24        38.    In a letter dated January 18, 2020 addressed to its "customers and

25   owners," Chint agreed that its standard warranties remain "in full effect" after

26   ownership of its inverters is transferred.

27        39.    Chint has failed to repair, replace, or refund the purchase price of all of

28   the defective units at Plaintiffs' facilities, as required under its warranty.

-7-<br>COMPLAINT

40.     It is particularly critical for Chint to provide a comprehensive solution to Plaintiffs before the spring and summer seasons.  As Chint is or should be aware, Plaintiffs generate an outsized portion of their revenue during the spring and summer as a result of greater insolation (*i.e.*, the amount of solar radiation) during that time of year.  Nevertheless, despite repeated requests by Plaintiffs, Chint has failed to identify a root cause or propose any solutions in advance of the upcoming peak production season.

41.     In its standard warranty, Chint purports to limit its own liability to the purchase price of the product and purports to exclude consequential losses.  There are a number of reasons why this warranty does not limit Plaintiffs' rights or remedies under contract or tort law, including but not limited to the following.

42.     First, the warranty's language does not clearly and unambiguously limit Chint's liability, in contract and/or tort, to third parties such as Plaintiffs.

43.     Second, the warranty's limitations of liability are unconscionable if they are being used to limit Chint's liability to third parties such as Plaintiffs who never assented to such limitations and whose remedies would be severely restricted in a one-sided manner if such limitations were to be applied.

44.     Third, the warranty's limitations of liability are inapplicable because the particular remedy provided under the warranty—repair, replacement, or refund of purchase price—has failed of its essential purpose on account of Chint's ongoing inability to develop a solution to remedy the hazardous defects in each of the inverters it supplied for use in Plaintiffs' facilities.

45.     Fourth, and in the alternative to the foregoing, the warranty's limitations of liability do not apply here because Plaintiffs are not parties to the warranty and did not assent to be bound by the warranty's terms.

## First Cause of Action – Negligence

## (By Plaintiffs Against Chint)

46.     Plaintiffs hereby reallege and incorporate by reference each and every allegation contained in Paragraphs 1 through 45 of this Complaint.

47.     Chint had a duty to exercise reasonable care in designing, manufacturing, and/or recalling or retrofitting the inverters it supplied for use in Plaintiffs' solar facilities.

48.     Approximately three dozen of Chint's inverters used at Plaintiffs' solar facilities caught fire suddenly and unexpectedly when the inverters were used for their intended purpose. These fires have damaged property and equipment at Plaintiffs' facilities other than Chint's inverters.

49.     On information and belief, the fires resulted from Chint's failure to exercise reasonable care in designing, manufacturing, and/or recalling or retrofitting the inverters it supplied for use in Plaintiffs' solar facilities.

50.     Plaintiffs have been unable to perform a forensic examination of the inverters destroyed by fire because Chint has taken possession of them.  Chint has been unable to identify a root cause of the fires.  Among other things, the prevalence, frequency, and extent of the fires in Chint's inverters—including at other facilities around the country—gives rise to a strong inference that Chint failed to exercise reasonable care in designing and/or manufacturing them.  A properly designed and/or manufactured inverter does not spontaneously combust when used in its intended fashion.

51.     After becoming aware of such spontaneous combustion, a reasonable manufacturer would proceed promptly with recalling and/or retrofitting its products to prevent future harm.  While Chint has replaced certain units that have caught fire or otherwise failed, it has not retrofitted or recalled the multitude of other units that are at risk of fire or other failure.

52.     As a result of the fires, Plaintiffs have suffered out of pocket expenses to respond to the fires and equipment damage, and lost revenue from the reduction in their capacity to generate electricity and sell it to Georgia Power.

53.     Chint's failure to exercise reasonable care in designing and/or manufacturing the inverters it supplied for use in Plaintiffs' solar facilities, and/or in recalling or retrofitting those inverters, has foreseeably resulted in economic harm to Plaintiffs, as Plaintiffs are unable to maximize the revenue from their PPAs with Georgia Power when Plaintiffs' solar facilities are not operating at full capacity.

54.     Chint's deficient design and/or manufacturing of its inverters, and its failure to adequately recall or retrofit those inverters, has created an unjustifiable and continuing risk of injury to persons and property.

55.     Plaintiffs have suffered damages, including but not limited to increased expenses and lost profits, as a result of Chint's defective inverters.

56.     Chint's acts and omissions were a substantial factor in causing Plaintiffs' injuries set forth herein.

## Second Cause of Action – Breach of Warranty
### (By Plaintiffs Against Chint)

57.     Plaintiffs hereby reallege and incorporate by reference each and every allegation contained in Paragraphs 1 through 45 of this Complaint.

58.     Plaintiffs have used Chint's inverters for their intended purpose, but the inverters have experienced fires and the other problems described herein.

59.     In the event that Plaintiffs are deemed to be bound by Chint's standard written warranty in place at the time it supplied inverters for use in Plaintiffs' solar facilities, Chint has breached that warranty by (1) failing to repair, replace, or refund the purchase price of its defective inverters and (2) failing to respond to Plaintiffs' inquiries within 24 hours and propose remediation plans within 48 hours.

60.     Plaintiffs timely notified Chint of the defects in its inverters.

61.     While Chint has replaced certain units that have caught fire or otherwise failed, it has not repaired, replaced, or refunded the purchase price of the multitude of other units that are defective but have not yet spontaneously combusted or otherwise failed.

62.     Chint's breaches of its standard written warranty were a substantial factor causing Plaintiffs to incur damages, including but not limited to increased expenses and lost profits, as a result of Chint's defective inverters.

63.     At the time Chint supplied inverters for use in Plaintiffs' solar facilities, Chint knew or reasonably could have foreseen that Plaintiffs' harm was likely to occur in the ordinary course of events if Chint failed to perform its obligations under the warranty.

**Third Cause of Action – Breach of Implied Warranty of Merchantability**

**(By Plaintiffs Against Chint)**

64.     Plaintiffs hereby reallege and incorporate by reference each and every allegation contained in Paragraphs 1 through 45 of this Complaint.

65.     Because Chint regularly deals in equipment such as the inverters it provided to Plaintiffs' solar facilities, Chint's products are subject to the implied warranty of merchantability.  Chint has not effectively disclaimed this (or any other) implied warranty in any instrument that is binding on Plaintiffs.

66.     Plaintiffs have used Chint's inverters for their intended purpose, but the inverters have experienced fires and the other problems described herein.

67.     In the event that Plaintiffs are deemed to be in privity with Chint under applicable law, Chint has breached the implied warranty of merchantability by supplying defective inverters for use in Plaintiffs' solar facilities, including inverters that have spontaneously caught fire or otherwise failed to perform as intended. Inverters that fail to perform as expected and are at risk of spontaneously combusting are not fit for the ordinary purposes for which inverters are used.

68.     Plaintiffs timely notified Chint of the defects in its inverters.

69.    Chint's breaches of the implied warranty of merchantability were a substantial factor causing Plaintiffs to incur damages, including but not limited to increased expenses and lost profits, as a result of Chint's defective inverters.

70.    At the time Chint supplied inverters for use in Plaintiffs' solar facilities, Chint knew or reasonably could have foreseen that Plaintiffs' harm was likely to occur in the ordinary course of events if Chint failed to perform its obligations under the warranty.

**Prayer for Relief**

WHEREFORE, BULLOCH COUNTY GA S1, LLC, FRANKLIN COUNTY GA S1, LLC, GREENE COUNTY GA S1, LLC, LOWNDES COUNTY GA S1, LLC, LOWNDES COUNTY GA S2, LLC, MERIWETHER COUNTY GA S1, LLC, MURRAY COUNTY GA S1, LLC, PUTNAM COUNTY GA S1, LLC, TERRELL COUNTY GA S1, LLC, TROUP COUNTY GA S1, LLC, WARE COUNTY GA S1, LLC, WARE COUNTY GA S2, LLC, and WILKINSON COUNTY GA S1, LLC pray for relief against Chint as follows:

1.    For compensatory and consequential damages according to proof;

2.    For pre- and post-judgment interest according to proof;

3.    For costs of suit and, to the extent permitted under applicable law, attorneys' fees; and,

4.    For such other and further relief as the Court may deem proper and just.

COMPLAINT

1    DATED:  March 7, 2022                MUNGER, TOLLES & OLSON LLP

2

3

4                                         By:      /s/ Jeremy A. Lawrence
                                              JEREMY A. LAWRENCE
5                                         Attorneys for Plaintiffs
                                          BULLOCH COUNTY GA S1, LLC,
6                                         FRANKLIN COUNTY GA S1, LLC,
                                          GREENE COUNTY GA S1, LLC, LOWNDES
7                                         COUNTY GA S1, LLC, LOWNDES
                                          COUNTY GA S2, LLC, MERIWETHER
8                                         COUNTY GA S1, LLC, MURRAY COUNTY
                                          GA S1, LLC, PUTNAM COUNTY GA S1,
9                                         LLC, TERRELL COUNTY GA S1, LLC,
                                          TROUP COUNTY GA S1, LLC, WARE
10                                        COUNTY GA S1, LLC, WARE COUNTY GA
                                          S2, LLC, and WILKINSON COUNTY GA S1,
11                                        LLC

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT

1    **<u>DEMAND FOR JURY TRIAL</u>**

2         Plaintiffs BULLOCH COUNTY GA S1, LLC, FRANKLIN COUNTY GA

3    S1, LLC, GREENE COUNTY GA S1, LLC, LOWNDES COUNTY GA S1, LLC,

4    LOWNDES COUNTY GA S2, LLC, MERIWETHER COUNTY GA S1, LLC,

5    MURRAY COUNTY GA S1, LLC, PUTNAM COUNTY GA S1, LLC, TERRELL

6    COUNTY GA S1, LLC, TROUP COUNTY GA S1, LLC, WARE COUNTY GA

7    S1, LLC, WARE COUNTY GA S2, LLC, and WILKINSON COUNTY GA S1,

8    LLC hereby demand a trial by jury on all issues triable to a jury.

9

10   DATED:  March 7, 2022              MUNGER, TOLLES & OLSON LLP

11

12

13                                     By:     */s/ Jeremy A. Lawrence*
                                             JEREMY A. LAWRENCE
14                                     Attorneys for Plaintiffs
                                       BULLOCH COUNTY GA S1, LLC,
15                                     FRANKLIN COUNTY GA S1, LLC,
                                       GREENE COUNTY GA S1, LLC, LOWNDES
16                                     COUNTY GA S1, LLC, LOWNDES
                                       COUNTY GA S2, LLC, MERIWETHER
17                                     COUNTY GA S1, LLC, MURRAY COUNTY
                                       GA S1, LLC, PUTNAM COUNTY GA S1,
18                                     LLC, TERRELL COUNTY GA S1, LLC,
                                       TROUP COUNTY GA S1, LLC, WARE
19                                     COUNTY GA S1, LLC, WARE COUNTY GA
                                       S2, LLC, and WILKINSON COUNTY GA S1,
20                                     LLC

21

22

23

24

25

26

27

28

-14-
COMPLAINT